# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MELISSA JONES, individually and as Guardian for the Minor Child, AJ, et al.,** ) ) ) | **CASE NO. 4:06cv630** |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **JUDGE PETER C. ECONOMUS** |
| **LAKEVIEW SCHOOL DISTRICT, et al.,** ) ) ) | |
| **Defendants.** ) ) | **MEMORANDUM OPINION AND ORDER** |

Pending before the Court is Defendants', Lakeview School District *et al.,* ("Defendants") "Motion for Judgment on the Pleadings." (Dkt. # 28). Also before the Court are Plaintiffs', Melissa Jones, *et al.,* ("Plaintiffs") "Response to Defendants' Motion for Judgment on the Pleadings" (Dkt. # 29), and Defendants' "Reply in Support of Defendants' Motion for Judgment on the Pleadings." (Dkt. # 31). For the reasons discussed below, Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) is **GRANTED** and Plaintiffs' claims against Defendants are **DISMISSED with PREJUDICE**.

## I. FACTUAL BACKGROUND

Plaintiff, Melissa Jones, is the mother and guardian of Plaintiffs, A.J. and C.J., both of whom are disabled students at Bazetta Elementary School. (Dkt. # 22). Plaintiff, Amy Cleer, is the mother and guardian of Plaintiff, K.C., also a disabled student at Bazetta Elementary School. (Dkt. # 22). Defendant, Lakeview School District, ("District") is the local school district which provides and administers schooling to students attending Bazetta Elementary School. (Dkt. # 22). Defendant,

Robert Wilson, ("Wilson") is the superintendent of Lakeview School District, and Defendant, Dennis Chupak, ("Chupak") is the principal of Bazetta Elementary School. (Dkt. # 22). Plaintiffs filed this action pursuant to Title 42 U.S.C. Section 1983, et seq., the Americans with Disabilities Act ("ADA"), Title 42 U.S.C. Section 12101, et seq., Ohio Revised Code Section 4112.01 et seq., and the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. Section 1415, et seq., alleging, *inter alia*, that Defendants have denied them access to Bazetta Elementary School by failing to provide the appropriate number of handicapped parking spaces in the parking lot. (Dkt. # 22, Suppl. Compl. ¶ 12). Specifically, Plaintiffs allege: (1) discrimination in violation of the Equal Protection Clause of the United States Constitution; (2) discrimination in violation of Title II of the ADA; and (3) violations of Chapter 4112 of the Ohio Revised Code. In addition, Plaintiffs assert a claim of retaliation against Defendants Lakeview and Wilson. Finally, Plaintiffs maintain they are aggrieved parties under the IDEA, 20 U.S.C. Section 1415(i)(3)(B)(i), and are entitled to reasonable attorneys' fees thereunder. (Dkt. # 22, ¶ 53).

In their Supplemental Complaint, Plaintiffs further allege that Defendants have failed to manage the traffic flow of the school's parking lot so as to allow disabled students appropriate access to the building, that Defendants have failed to monitor the school's parking lot, as well as failing to enforce the parking in the existing handicapped spaces. (Dkt. # 22, Suppl. Compl. ¶¶ 13-15). In their Motion for Judgment on the Pleadings, Defendant asserts that Plaintiffs' claims have been addressed by the State of Ohio Board of Education by three separate and independent State Level Review Officers, and have been found to be without evidentiary, factual, and legal foundation. (Dkt. # 28).

2

**II.     STANDARD OF REVIEW**

Rule 12(c) motions for judgment on the pleadings are subject to the same analysis as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir.2001). A district court faced with a defendant's motion for judgment on the pleadings "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 512 (6th Cir.2001) (citations omitted); see also Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir.1998); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The merits of the claims set forth in the complaint are not at issue on a motion for judgment on the pleadings. Consequently, a complaint will be dismissed pursuant to Rule 12(c) if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir.1978); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987) (citations omitted); see also, Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir.1971) (the court is "required to accept only well-pleaded facts as true, not the legal conclusions that may be alleged or that may be drawn from the pleaded facts.").

Furthermore, documents attached to a motion to dismiss are considered part of the

pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. See generally Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir.1997). Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. See Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir.1997) (public records); Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1018 (5th Cir.1996) (judicial notice); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3d Cir.1993)(letter decisions of governmental agencies). Therefore, the Court shall consider the three State of Ohio Board of Education State Level Review Officers decisions along with the Complaint.

### III. LAW AND ANALYSIS

*Equal Protection Claim: § 1983*

Plaintiffs claim that Defendants violated their right to equal protection under the law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiffs contend that Defendants have "failed and refused to provide physical access to school to the Plaintiffs" and, as a result, "Plaintiffs have lost and continue to lose the education they are entitled to receive by law." (Dkt. # 22, Suppl. Compl. ¶¶ 22-23).

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Supreme Court has stated that this language "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly." Vacco v. Quill, 521 U.S. 793, 799 (1997). The states cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational

4

basis for the difference.  Id.; see also Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).

It is undisputed that the students in question are handicapped.  The parents, together with Lakeview, Chupak, and Wilson, negotiated Individualized Education Programs ("IEPs") setting forth annual and short term goals for the students and providing specialized accommodations to fit the students' unique needs.  Under the IEPs, the parents agreed to provide the children with specialized transportation to school.  During the 2004-2005 and 2005-2006 school years, the parents experienced difficulty in the parking lot when dropping off and picking up their children.  Although handicapped parking spaces were provided in the school's parking lot, access to these spaces was often blocked by other parents picking up and dropping off their children.  Further, the parents were often prevented from leaving the parking spaces, as other parents would park illegally behind the Plaintiffs' vehicles while in the handicapped parking spaces.

The Plaintiffs complained to the school administration.  In an effort to appease the Plaintiffs, the Defendants agreed to provide another handicapped parking space in the parking lot for the Plaintiffs' use.  Additionally, the Defendants mailed flyers to the other parents asking them to drive and park courteously on the school lot and sought police enforcement of parking within the lot.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  However, "the Supreme Court has not recognized access to public education or freedom from disability discrimination in education to be fundamental rights."  Pace v. Bogalusa City Sch. Bd., 403 F.3d 272, 287 (5th Cir. 2005) (en banc).  As Plaintiffs are not part of a suspect class, Plaintiffs'

Equal Protection claim is subject to rational basis review. See Clark v. Banks, 193 Fed. Appx. 510, 515 (6th Cir.2006); see also City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 446 (1985).

Plaintiffs allege that they have been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. (Dkt. # 29). However, general education and special education students are not similarly situated for the purpose of an equal protection analysis. See City of Cleburne, 473 U.S. at 442. Under federal and state statute, a school district is required to furnish disabled students with special education services. Because school districts are obligated to provide special programs to disabled students, often increasing the cost of educating the student, disabled students are not similarly situated to general education students. See Clark, 193 Fed. Appx. at 515.

In the instant case, Plaintiffs and Defendants negotiated IEPs for the students in compliance with federal and state laws. See 20 U.S.C.S. § 1401(a)(20). An IEP must be "reasonably calculated to allow the disabled child to receive educational benefits." Bd. Of Educ. v. Rowley, 458 U.S. 176, 207 (1982). When a procedural violation of the IEP is asserted, the parents must demonstrate that the violation resulted in a substantive denial of the educational benefits for the student. See Knable v. Bexley City Sch. Dist., 238 F.3d 755, 765 (6th Cir.2001). So long as a child with a disability receives meaningful educational benefits from his or her IEP, a school has met the above obligation. See Pace v. Bogalusa City Sch. Bd., 325 F.3d 609, 621 (5th Cir.2003).

The IEPs require that the parents provide specialized transportation to and from the school for their disabled children. Similarly, the IEPs require that the Parents be allowed to park in the handicapped parking spots and have specialized access to the school building. The State Level Review Officers' record indicates that the Parents have provided their children with these services;

likewise, Defendants have provided handicapped parking spaces for the Parents. Therefore, Plaintiff students are not similarly situated to general education students. Further, all parties have conformed to the parameters of the IEPs negotiated by the parties themselves. Accordingly, Plaintiff's Equal Protection claim fails.

*ADA Claim*

Although Plaintiffs' Complaint is far from a model of clarity, Plaintiffs appear to have sued Defendants Wilson and Chupak in their individual capacities. It is well-established that Title II governs only the conduct of public entities. See Marshall v. Green County, 2006 U.S. Dist. LEXIS 5671, 12-13 (W.D. Ky. 2006); see also Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2nd Cir.2001).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.S. § 12132. To make out a prima facie case of discrimination under this statute, a plaintiff must establish that: (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. See Jones v. City of Monroe, 341 F.3d 474, 477 (6th Cir.2003).

The first criterion is not in contention. All parties have stipulated that the students are disabled. A plaintiff can satisfy element two of a disability discrimination claim if he or she can "simply show that he or she is qualified to perform the function with or without reasonable accommodation by the defendant." Campbell v. Bd. of Educ. of the Centerline Sch. Dist., 58 Fed.

Appx. 162, 165 (6th Cir.2006)(construing the Rehabilitation Act). Stated differently, "[a] handicapped or disabled person is 'otherwise qualified' to participate in a program if she can meet its necessary requirements with reasonable accommodation." Id. The accommodation designed by the defendant need only be reasonable. By contrast, if a "reasonable accommodation" is feasible, but deliberately has not been furnished by the defendant, thereby impeding the plaintiff's ability to participate in, or benefit from, the subject program, the defendant has discriminated against the plaintiff by reason of his or her handicap. Id.

Generally, IDEA aids the Court in its understanding of other anti-discrimination statutes. See Campbell, 58 F.ed Appx. at 166; see also Kaelin v. Grubbs, 682 F.2d. 595, 597 (6th Cir.1982). Among other things, IDEA compels every public school system to furnish a "free appropriate public education" to each of its special needs students. Campbell, 58 Fed.Appx. At 166. Accordingly, the "reasonable accommodation" requirement demands that a disabled claimant alleging discrimination in public instruction "must prove that the defendant school system failed to supply him or her with a[n] . . . education which was sufficiently 'appropriate' to his or her personal learning requisites." Id.

In the instant case, Defendants have provided Plaintiffs with all reasonable accommodations pursuant to their IEPs. Defendants provided handicapped parking spaces for the Parents. They provided an additional space at the Parents' request and allowed Parents to use a separate entrance to the school. The Defendants took measures to alleviate the Parents' concerns, including securing police patrol of the parking lot, and sending out flyers describing parking procedures to the other

8

parents. Thus, the students at all times relevant had access to the school building.[1]

Moreover, the SLRO record indicates that the students received satisfactory grades and were rarely, if ever, tardy to class. The record lacks any indication that the students' academic performances suffered an adverse impact as a result of the Parents' parking difficulties. In order to demonstrate a denial of educational access over a related service there must be a showing that the issue had a significant effect on the educational program. See DeLeon v. Susquehanna Comm. Sch. Dist., 747 F.2d 149, 153 (3rd Cir.1984). Therefore, the Parents' parking difficulties at Bazetta Elementary School cannot be reasonably understood to have deprived Students of participation in or the benefits of the school's educational program. Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiffs' ADA discrimination claims.

*Ohio Revised Code § 4112.022(A) Claim*

Plaintiffs' state law disability discrimination claim is virtually identical to their Title II ADA claim. (Dkt. # 22, ¶¶ 29, 35-36). Chapter 4112.022(A) of the Ohio Revised Code provides:

> It shall be an unlawful discriminatory practice for any educational institution to discriminate against any individual on account of any disability . . . [i]n admission or assignment to any academic program, course of study, internship, or class offered by the institution.

Ohio Rev. Code Ann. § 4112.022(A). In reviewing claims under this section, Ohio uses the same standard employed when reviewing ADA claims. See, *e.g.*, Kaltenberger, 162 F.3d at 435. Thus, under Ohio law, a prima facie cases of discrimination in education includes three elements: "(1) the plaintiff is a handicapped person; (2) the plaintiff was otherwise qualified to participate in the

---

[1] Plaintiffs do not allege that they were forced to park anywhere other than the handicapped parking spaces, only that they experienced difficulties entering and exiting the spaces as a result of the other parents' conduct.

program; and (3) the plaintiff was excluded from the program on the basis of a handicap." Id.

The Court again finds that Defendants have provided Plaintiffs with all reasonable accommodations pursuant to their IEPs, and that the students' academic performances did not suffer any adverse effects as a result of the Parents' parking difficulties.  Again, Parents' parking difficulties at the School cannot be reasonably understood to have deprived Students of participation in or the benefits of the school's educational program.

In addition, the Court notes that Plaintiffs allege that Defendants have denied access to the Bazetta Elementary School by failing to provide the appropriate number of handicapped parking spots in the parking lot. (Dkt. # 22, ¶ 12).  Bazetta's parking lot has fifty-nine parking spaces. (Dkt. # 22, Exh. B).  Ohio law requires that, for parking areas with fifty-one to seventy-five spaces, at least three handicapped parking spaces must be provided. O.R.C. Ann. § 4112-5-06(J).  During the 2004-05 school year, Bazetta's parking lot had four handicapped parking spaces.  Bazetta subsequently provided an additional handicapped parking space in an attempt to alleviate the Plaintiffs' parking difficulties.  (Dkt. # 22, Exh. B).  As Defendants have fully complied with state law provisions regarding handicapped parking spaces in places of public accommodation, Plaintiffs' state law discrimination claim fails.  Defendants are entitled to judgment as a matter of law on Plaintiffs' state law discrimination claims.

*The Retaliation Claims*

Plaintiff, Melissa Jones, ("Jones") alleges that, after the filing of the lawsuit, she attempted to take photographs in the school parking lot, was confronted by Wilson and threatened with arrest by the Bazetta Township Police Chief.[2]  (Dkt. # 22, ¶¶ 42-43).  A retaliation claim under 42 U.S.C.

---

[2]  The Bazetta Township Police Chief is not a party to this action.

§ 1983 entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a casual connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.[3] See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir.1999).

Jones does not have a clearly established constitutional right to be present on school grounds and take photographs. Jones attempts to piggyback a right of access to the school onto the First Amendment right of access to the courts. However, Defendants' conduct was not intended, nor can it be reasonably construed as intending, to deny Jones her right of access to the courts for the redress of grievances. Defendants are entitled to monitor the conduct of students and school personnel on school property, and also have "the authority and responsibility for assuring that parents and third parties conduct themselves appropriately while on school property." Lovern v. Edwards, 190 F.3d 648, 655-656 (4th Cir.1999). A parent's right to access school grounds is not unlimited. Id. Therefore, it cannot be understood that Jones had "permission" to be on school grounds which was subsequently "revoked" after the filing of the lawsuit.

Further, taking photographs of school property does not fall under the First Amendment purview of protected speech. Jones's First Amendment right to freedom of speech is not directly implicated by prohibiting her from taking pictures of the school grounds. See S.H.A.R.K. v. Metro Parks Serving Summit County, 2006 U.S. Dist. LEXIS 40027, 9 (N.D. Ohio 2006) (discussing

---

[3] The Court need not analyze Plaintiffs' retaliation claims under 42 U.S.C.S. § 12203(a) and Ohio Rev. Code Ann. § 4112.02, as the elements are essentially the same. See Anderson v. Ravenna Twp. Fire Dept., 159 Fed.Appx. 619, 624 (6th Cir.2005); see also Brown v. Chase Brass & Copper Co., 14 Fed.Appx. 482, 489 (6th Cir.2001).

D'Amario v. Providence Civic Ctr. Auth., 639 F.Supp. 1538, 1539 (D.R.I. 1986). The activity in which Jones sought to engage "does not partake of the attributes of expression; it is conduct pure and simple." S.H.A.R.K., 2006 U.S. Dist. LEXIS 40027 at 10. Thus, Jones was not engaging in protected conduct so as to satisfy a prima facie case of retaliation, and Defendants are entitled to judgment as a matter of law on Plaintiffs' retaliation claims.

*Attorney's Fees*

Finally, Count V of Plaintiffs' Supplemental Complaint, their request for attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i) is dismissed as Plaintiffs are not the prevailing party for the purposes of an attorney's fees award under the IDEA.

In any action brought under IDEA, a court may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability. 20 U.S.C.S. § 1415(i)(3)(B)(I). A plaintiff may be considered a "prevailing party" for purposes of attorneys' fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Berger v. Medina City School Dist., 348 F.3d 513, 526 (6th Cir.2003) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The touchstone of this inquiry is "the material alteration of the legal relationship of the parties." Id.; see also Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989).

It is clear that both the administrative proceedings and this lawsuit were brought to demonstrate that Defendants failed to provide Plaintiffs with adequate access to education. The State Level Review Officers found that Plaintiffs were not denied access to Bazetta Elementary School nor deprived of the educational benefits of participation int he school's program. Accordingly, Plaintiffs are not prevailing parties under the meaning of 20 U.S.C.S. § 1415

(i)(3)(B)(I) and are not entitled to attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby orders that the Defendants' Motion for Judgment on the Pleadings pursuant to F.R.C.P. 12(c) (Dkt. # 28) is **GRANTED**. Plaintiffs' claims against Defendants are **DISMISSED with PREJUDICE**.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus - July 18, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**